NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILLIP LEE CARSON, | No. 23-15410 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00196-ROS-CDB |
| v. | |
| CHARLES L. RYAN, ADOC Director (Retired); et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted March 17, 2025**

Before:     CANBY, R. NELSON, and FORREST, Circuit Judges.

Arizona state prisoner Phillip Lee Carson appeals pro se from the district

court's summary judgment and dismissal orders in his action under 42 U.S.C.

§ 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Furnace v.*

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (summary judgment and qualified immunity determination); *Rosebrock v. Mathis*, 745 F.3d 963, 970 n.8 (9th Cir. 2014) (mootness determination); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm in part, reverse in part, vacate in part, and remand.

The district court properly granted summary judgment for defendants Babeu, Rice, and Willis on Carson's deliberate indifference claims (Claim 5) because it would not have been clear to every reasonable prison official that requiring Carson to move his boxes and personal property out of his cell was unlawful under the circumstances, and Carson failed to raise a genuine dispute of material fact as to whether Willis was deliberately indifferent after Carson fell out of his bunk.  *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) (defendants sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established, meaning that "the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it"); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to establish deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference").

The district court properly dismissed as moot Carson's Free Exercise Clause

and RLUIPA claims regarding the all-vegan kosher diet (Claim 9) because the prison amended its food services contract to restore meat and dairy to the kosher diet. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000) ("A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").

The district court properly dismissed Carson's failure-to-protect; due process; and deliberate indifference claims (Claims 1, 2, 4, 6, 7) because Carson failed to allege facts sufficient to state a plausible claim, and the district court properly dismissed Carson's access-to-courts claim (Claim 3) because Carson failed to allege facts sufficient to establish standing. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (explaining that an access-to-courts claim requires a plaintiff to show that defendants' conduct caused an actual injury to a nonfrivolous legal claim).

However, dismissal without leave to amend of Claims 1, 4, 6, and 7 was premature because it is not "absolutely clear" that any deficiencies could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that "a district court should

23-15410

grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts" (quotation marks and citation omitted)); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Because the deficiencies in these claims may be cured by amendment, we vacate the judgment and remand for the district court to provide Carson with an opportunity to file a third amended complaint.

The district court erred in dismissing Carson's Free Exercise Clause and RLUIPA claims (Claims 8 and 10) because Carson alleged facts supporting the reasonable inference that Defendants impinged his sincerely held religious beliefs and substantially burdened his practice of religion when they "ruined" his Torah, prohibited him from sounding the shofar, denied his request to grow a five-inch beard, and denied his request to use a bowl of water and a washcloth when praying over meals. *See Fuqua v. Raak*, 120 F.4th 1346 (9th Cir. 2024) ("An inmate asserting a Free Exercise claim must . . . show that he or she has a sincerely held religious belief that was impinged by government action."); *Walker v. Beard*, 789 F.3d 1125, 1134 (9th Cir. 2015) ("[t]o state a claim under RLUIPA, a prisoner must show that (1) he takes part in a 'religious exercise,' and (2) the State's actions

4

have substantially burdened that exercise"). We reverse the district court's judgment as to these claims and remand for further proceedings.

The district court did not abuse its discretion in dismissing Carson's original complaint and first amended complaint for failure to comply with local rules. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) (setting forth standard of review and noting that "[b]road deference is given to a district court's interpretation of its local rules").

In sum, we affirm the district court's summary judgment with respect to Claim 5 and affirm the judgment dismissing Claim 9 as moot. As to the district court's screening dismissal, we affirm dismissal of Claims 2 and 3; vacate dismissal of Claims 1, 4, 6, and 7; reverse dismissal of Claims 8 and 10; and remand for further proceedings.

All pending motions are denied.

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**

23-15410